IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| James Curtis Cobbert, III, | ) | C/A No. 8:14-cv-03331-TMC-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Robert M. Stevenson, III, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on a motion for summary judgment and amended motion for summary judgment filed by Respondent. [Docs. 31, 56.] Petitioner, proceeding pro se, is a state prisoner who seeks relief under 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on August 13, 2014.[1] [Doc. 1.] On December 3, 2014, Respondent filed a motion for summary judgment and a return and memorandum to the Petition. [Docs. 31, 32.] The following day, the Court filed an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment procedure and of the possible consequences if he failed to adequately respond to the motion. [Doc. 33.] On February 9, 2015, Petitioner filed a response in opposition to Respondent's motion. [Doc. 46.] On February 27, 2015, with leave of this

_____

[1]A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Accordingly, this action was filed on August 13, 2014. [Doc. 1-2 (envelope stamped as received by the prison mail room on August 13, 2014).]

Court, Petitioner filed an Amended Petition, seeking to clarify the issue in his original Petition. [Doc. 50.] On March 6, 2015, Respondent filed an amended motion for summary judgment, stating that it relies on its previous motion and memorandum of law in support of the motion. [Doc. 56.] On March 9, 2015, the Court filed a second Order pursuant to *Roseboro*, 528 F.2d 309 [Doc. 57], and Petitioner filed a response in opposition to the amended motion for summary judgment on April 9, 2015 [Doc. 59].

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion for summary judgment and amended motion for summary judgment be granted and the Petition be denied.

## BACKGROUND

Petitioner is presently confined in the South Carolina Department of Corrections at Broad River Correctional Institution pursuant to orders of commitment of the Lexington County Clerk of Court. [Doc. 1.] In May 2006, Petitioner was indicted for reckless homicide and failure to stop for a law enforcement vehicle blue light resulting in death. [App. 125–28.[2]] On October 16, 2008, represented by Elizabeth Fullwood ("Fullwood") and Wallis Alves ("Alves"), Petitioner pled guilty as indicted[3] and received a sentence of ten years imprisonment for reckless homicide, twenty-five years imprisonment for failure to stop for a blue light resulting in death, and five years for shoplifting, the ten-year and

---

[2]The Appendix can be found at Docket Entry Number 32-1.

[3]At the plea hearing, Petitioner also waived presentment to the grand jury of an indictment for shoplifting, waived jurisdiction and venue issues related to Aiken County, and pled guilty to that charge as well. [App. 6:4–14, 10:5–11:1.]

twenty-five-year sentences to run consecutively and the five-year sentence to run concurrently.[4]  [App. 1–38.]  No direct appeal was filed.

**PCR Application**

Petitioner, proceeding pro se, filed an application for post-conviction relief ("PCR") on January 9, 2009.  [App. 39–46.]  Petitioner raised the following grounds for relief, quoted substantially verbatim:

> (a)  Double Jeopardy
>
> (b)  Cruel and unusually punishment
>
> (c)  Involuntary Guilty Plea

[App. 41.]  In support of his grounds for relief, Petitioner provided the following facts, quoted substantially verbatim:

> (a)  Sentenced twice for same offense (crime)!
>
> (b)  Harsh lengthy sentence which is uncommon for crime!
>
> (c)  Plea was entered under false pretense!

[App. 41.]  Petitioner subsequently amended his PCR application.[5]  [App. 47.]  The State filed a return on December 16, 2009.  [App. 49–53.]

---

[4]As part of the plea negotiations, the State dismissed some related charges, including possession of a stolen motor vehicle, unlawful possession of a pistol, leaving the scene of an accident, and common law robbery.  [App. 14:9–15:2.]

[5]The copy of Petitioner's amendment included in the Appendix is partially illegible, but it appears Petitioner asserted claims of ineffective assistance of counsel and conflict of interest and challenges to the indictment.  [App. 47.]  Additionally, the Court is unable to determine when Petitioner submitted this amendment.

An evidentiary hearing was held on November 29, 2011, at which Petitioner was represented by Ronald R. Hall ("Hall").[6]  [App. 54–96.]  At the conclusion of the hearing, the PCR court denied relief.  [App. 93–95.]  On January 23, 2012, the PCR court filed an order denying and dismissing the PCR application with prejudice.  [App. 111–24.]

Robert M. Pachak ("Pachak") of the South Carolina Commission on Indigent Defense filed on Petitioner's behalf a petition for writ of certiorari in the Supreme Court of South Carolina.  [Doc. 32-2.]  The petition asserted the following as the sole issue presented:

> Whether plea counsel was ineffective for failing to file an appeal?

[*Id.* at 3.]  In the petition, Petitioner alleged the following issue should have been raised on direct appeal:

> Whether petitioner's guilty plea complied with the mandates set forth in Boykin v. Alabama? (pursuant to Anders).

[*Id.* at 8.]  On September 26, 2012, the Supreme Court of South Carolina, in response to a letter from Petitioner, relieved Pachak and marked its records to reflect Petitioner was appearing pro se.  [Doc. 32-3.]  Further, the Supreme Court of South Carolina informed Petitioner that the petition filed by Pachak was being treated as withdrawn and that Petitioner had thirty days to submit a pro se petition for writ of certiorari.  [*Id.*]  Petitioner submitted a pro se petition for writ of certiorari, dated October 16, 2012.  [Doc. 32-5.]  The pro se petition asserted the following as the sole issue presented:

---

[6]At the hearing, Petitioner submitted a motion for summary judgment and a written statement as exhibits.  [App. 75:21–77:15, 78:13–23, 97–110.]

> Whether plea counsel was ineffective for failing to object to the failure to stop for blue lights result/Death charge, after Petitioner already plead to reckless homicide.

[*Id.* at 3.]  The State filed a return, dated February 5, 2013 [Doc. 32-6], and Petitioner filed a reply, dated February 11, 2013 [Doc. 32-7].  The Supreme Court of South Carolina transferred Petitioner's PCR appeal to the South Carolina Court of Appeals, which denied the petition on June 24, 2014 [Doc. 32-8] and remitted the matter to the lower court on July 11, 2014 [Doc. 32-9].

**Petition for Writ of Habeas Corpus**

Petitioner filed this Petition for writ of habeas corpus on August 13, 2014.  [Doc. 1.] Petitioner raises the following grounds for relief, quoted substantially verbatim, in his Petition pursuant to 28 U.S.C. § 2254:

> **GROUND ONE:**     Ineffective assistances of counsel/Double Jeopardy. Plea counsel was ineffective for allowing Petitioner to plea to an double Jeopardy violation.  Which violates Petitioner's 5th Amendment and 6th Amendment of the United States Constitution.
>
> *Supporting facts*:     Under the Blockburger Test, state cannot prosecute for both offenses of reckless homicide and failure to stop for blue lights resulting in death; Double Jeopardy

[Docs. 1 at 5; 1-1 at 6.]  Petitioner filed an Amended Petition on February 27, 2015, clarifying his issue as follows:

> **GROUND ONE:**     Ineffective assistance of counsel.  Based on the double jeopardy clause, plea counsel was ineffective for allowing Petitioner to plea to an double jeopardy violation.   Which violates Petitioner's 5th and 6th Amendment of the United States Constitution.
>
> *Supporting facts*:     Under the Blockburger Test, State cannot prosecute for both offenses of Reckless Homicide and Failure to stop

5

for blue lights resulting in death, therefore resulting in double jeopardy.

[Doc. 50 at 1.]  As stated, Respondent filed a motion for summary judgment on December 3, 2014 [Doc. 31], and an amended motion for summary judgment on March 6, 2015 [Doc. 56].  Petitioner filed responses in opposition on February 9, 2015 [Doc. 46] and April 9, 2015 [Doc. 59].  Accordingly, the motions are ripe for review.

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action pro se, which requires the Court to liberally construe his pleadings.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Pro se pleadings are held to a less stringent standard than those drafted by attorneys.  *Haines*, 404 U.S. at 520.  Even under this less stringent standard, however, the pro se petition is still subject to summary dismissal.  *Id.* at 520–21.  The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.  *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).  A court may not construct the petitioner's legal arguments for him.  *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993).  Nor should a court "conjure up questions never squarely presented."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows
> that there is no genuine dispute as to any material fact and the
> movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or

7

unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

### *Generally*

Because Petitioner filed the Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett,* 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in
> the State court proceeding.

28 U.S.C. § 2254(d).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Williams v. Taylor*, 529 U.S. 362, 410 (2000).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011).  Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions.  28 U.S.C. § 2254.  This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim.  *Id.*  The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts.  A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

9

*Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)      (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> >        (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> >        (B)      (I) there is an absence of available State corrective process; or
> >
> >                (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.  The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies.  *Id.* § 2254(b)(1)(A).  "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court."  *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997).  Thus, a federal court may

consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application.  S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976).  If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment.  S.C. R. Civ. P. 59(e).  Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court.  *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[7]  Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts.  For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment.  S.C. App. Ct. R. 203(b)(2), (d)(1)(B).  A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision.  S.C. Code Ann. § 17-27-45.

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts.  *Richardson*

---

[7]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar.  589 F.3d at 162–65.  Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

*v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977). Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the Supreme Court actually reached the merits of the claim.

*Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also*

12

*Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995).  As the United States Supreme

Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for

noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged

constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533

(quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)).  When a petitioner has failed to

comply with state procedural requirements and cannot make the required showing of cause

and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477

U.S. 478, 496 (1986).  Further, if the petitioner does not raise cause and prejudice, the

court need not consider the defaulted claim.  *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is

precluded by state rules from returning to state court to raise the issue, he has procedurally

bypassed his opportunity for relief in the state courts and in federal court.  *Coleman v.

Thompson*, 501 U.S. 722, 731–32 (1991).  Absent a showing of cause and actual

prejudice, a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87.

In such an instance, the exhaustion requirement is technically met, and the rules of

procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d

at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v.

13

*Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

### *Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Carrier*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

### **DISCUSSION**

Petitioner argues his plea counsel was ineffective for allowing Petitioner to enter a guilty plea to both reckless homicide and failure to stop for a blue light resulting in death, which resulted in a double jeopardy violation.[8] [Docs. 1, 1-1, 50.] Under the AEDPA, a

---

[8]In his original motion for summary judgment, Respondent construed the Petition as bringing both an ineffective assistance of counsel claim and a free-standing double

federal court may not grant habeas relief unless the underlying state court decision was contrary to or an unreasonable application of federal law, as determined by the United States Supreme Court, 28 U.S.C. § 2254(d)(1), or based on an unreasonable determination of the facts before the court, *id.* § 2254(d)(2). The Supreme Court has held the "contrary to" and "unreasonable application of" clauses present two different avenues for relief. *Williams*, 529 U.S. at 405 ("The Court of Appeals for the Fourth Circuit properly accorded both the 'contrary to' and 'unreasonable application' clauses independent meaning."). The Court stated there are two instances when a state court decision will be contrary to Supreme Court precedent:

> A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . . A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.

*Id.* at 405–06. On the other hand, a state court decision is an unreasonable application of Supreme Court precedent when the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407–08; *see also Richter*, 131 S. Ct. at 786 ("Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that

---

jeopardy claim. [Doc. 32 at 20.] Subsequently, Petitioner filed an Amended Petition, clarifying that he brings his double jeopardy claim as one of ineffective assistance of counsel. [Doc. 50.] Accordingly, the Court addresses Petitioner's ground as alleging only ineffective assistance of counsel for allowing Petitioner to enter a guilty plea that resulted in a double jeopardy violation.

those arguments or theories are inconsistent with the holding in a prior decision of this Court. . . . It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.").  Finally, a decision cannot be contrary to or an unreasonable application of Supreme Court precedent unless applicable Supreme Court precedent exists; without applicable Supreme Court precedent, there is no habeas relief for petitioners.  *Virsnieks v. Smith*, 521 F.3d 707, 716 (7th Cir. 2008) (citing *Lockhart v. Chandler*, 446 F.3d 721, 724 (7th Cir. 2006); *Simpson v. Battaglia*, 458 F.3d 585, 597 (7th Cir. 2006)); *see Bustos v. White*, 521 F.3d 321, 325 (4th Cir. 2008).

When evaluating a habeas petition based on a claim of ineffective assistance of counsel, assuming the state court applied the correct legal standard—the Supreme Court's holdings in *Strickland v. Washington*, 466 U.S. 668 (1984)—"[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable.  This is different from asking whether defense counsel's performance fell below *Strickland*'s standard."[9]  *Richter*, 131 S.Ct. at 785.  "A state court must be granted a deference and

_____

[9]In *Strickland v. Washington*, the United States Supreme Court established that to challenge a conviction based on ineffective assistance of counsel, a prisoner must prove two elements: (1) his counsel was deficient in his representation and (2) he was prejudiced as a result.  466 U.S. 668, 687 (1984).  To satisfy the first prong, a prisoner must show that "counsel's representation fell below an objective standard of reasonableness."  *Id.* at 688.  To satisfy the second prong, a prisoner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 692.  The Court cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential," and "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.

In the specific context of a guilty plea, to satisfy the prejudice prong of *Strickland*, a prisoner must show that "there is a reasonable probability that, but for counsel's errors, [the prisoner] would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  The Supreme Court further explained,

16

latitude that are not in operation when the case involves review under the Strickland standard itself." *Id.*; *see also Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (stating judicial review of counsel's performance is "doubly deferential when it is conducted through the lens of federal habeas"). Even if a state court decision questionably constitutes an unreasonable application of federal law, the "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 131 S.Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, in such situations, the habeas court must determine whether it is possible for fairminded jurists to disagree that the arguments or theories supporting the state court's decision are inconsistent with Supreme Court precedent. *Id.*

---

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. . . . As we explained in *Strickland v. Washington*, *supra*, these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the "idiosyncrasies of the particular decisionmaker." *Id.*, 466 U.S., at 695, 104 S.Ct., at 2068.

*Hill*, 474 U.S. at 59–60.

Here, the PCR court evaluated plea counsel's performance under the standards set forth in *Strickland* and *Hill*. [App. 116–21.] The PCR court found, with respect to the ground raised in the Petition,

> c. Failure to Object to Sentence Based on Double Jeopardy
>
> [Petitioner] asserts that plea counsel was ineffective for failing to object to [Petitioner's] sentence because [Petitioner's] plea to Reckless Homicide and Failure to Stop for a Blue Light resulted in Double Jeopardy. This Court finds that this allegation is without merit. Counsel testified that in her review of [Petitioner's] indictments and the elements of offenses [Petitioner] was charged with that counsel did not find any double jeopardy issues. Counsel testified that a double jeopardy argument in [Petitioner's] case may have been viable in the 1980's but that under the current test, which is the Blockburger test, the offenses were clearly separate. Counsel testified that [Petitioner] was not sentenced for the same offense twice. This Court agrees with plea counsel. The Double Jeopardy Clauses of the United States and South Carolina Constitutions protect against multiple punishments for the same offense. State v. Nelson, 336 S.C. 186, 519 S.E.2d 786 (1999). In both multiple punishment and successive prosecution cases, double jeopardy claims are evaluated under the "same elements" test set forth in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Stevenson v. State, 335 S.C. 193, 516 S.E.2d 434 (1999). A defendant may be severally indicted and punished for separate offenses without being placed in double jeopardy where a single act consists of two "distinct" offenses. State v. Moyd, 321 S.C. 256, 468 S.E.2d 7 (Ct. App. 1996). This Court has reviewed the entire record and does not find that [Petitioner's] plea to the charges placed [Petitioner] in double jeopardy. This Court finds [Petitioner] has failed to show plea counsel's performance was deficient or any resulting prejudice; therefore counsel was not ineffective for failing to object to [Petitioner's] sentence based on double jeopardy. This Court finds that this allegation is denied and dismissed.

[App. 120–21.]

The PCR court's denial of Petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent.  First, the PCR court applied the *Strickland* and *Hill* standards, which are the applicable Supreme Court precedents.  Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent.  Thus, the Court concludes the PCR court's decision was not contrary to or an unreasonable application of applicable Supreme Court precedent.

Further, the record supports the PCR court's decision, which demonstrates the PCR court's decision was not an unreasonable application of *Strickland* or *Hill*.  At the PCR hearing, plea counsel testified as follows:

> Q:    Going back, in your review of the indictments and the elements of the offenses, specifically the reckless homicide and failure to stop for a blue light resulting in death, did you find any double jeopardy issues?
>
> A:    No, no.  If you would like me to elaborate, I will.
>
> Q:    Please.
>
> A:    The argument [Petitioner] is making in my opinion - - and I really haven't brushed up recently on double jeopardy - - is an argument that might have gotten him somewhere in the '80s.
>
>     Because the Courts had moved away from a strict Blockburger view to sort of looking at an entire transaction.  Very closely related offenses may have been, you know, considered multiple punishments for the same offense.  It was the conduct rather than the straight Blockburger elements test.
>
>     However, in the past 20 some-odd years, we have moved back to the Blockburger analysis and certainly that is the analysis the Courts were using at the time that this case went to court.  Under a

Blockburger analysis, these are clearly separate offenses, and he can be prosecuted for both crimes.

Q:    So Mr. Cobbert was not sentenced twice for the same offense?

A:    Not in my opinion.

[App. 85:18–86:20].  Plea counsel further testified as follows:

Q:    Ms. Fullwood, at the request of the applicant, do you feel that - - I mean, you have already stated you didn't feel that there was a double jeopardy issue - - but do you feel that he was prosecuted based on the same set of facts for each sentence?

A:    Well, he was prosecuted for his conduct on that day. My understanding of the law is that the General Assembly can make certain discreet elements of your conduct punishable as separate crimes, and that's what occurred in this case.  So, no, I do not think he was - - under the Blockburger test - - he was not punished - -

Q:    Twice for the same set of facts?

A:    Twice for the same set of facts, that's right.

(Pause.)

Q:    [Petitioner] is a bit confused.  He feels that he was punished twice for the same set of facts.

A:    Well, I think that I have said the reason I did not think he was being subjected to double jeopardy and multiple punishments.  He believes the law is different, and he has set forth his position on the record.  You know, I could be wrong.  It's all on the record, and our appellate courts can review it and let us all know one way or the other.

[App. 92:11–92:10.]  The Double Jeopardy Clause protects against a second prosecution

for the same offense after acquittal or conviction and protects against multiple punishments

for the same offense.  *Brown v. Ohio*, 432 U.S. 161 (1977); *accord United States v. Halper*,

20

490 U.S. 435, 440 (1989).  The *Blockburger* test cited by Petitioner applies where the same act or transaction constitutes a violation of two distinct statutory provisions. *Blockburger v. United States*, 284 U.S. 299, 304 (1932).  Here, Petitioner was indicted on and pled guilty to the two separate offenses of reckless homicide and failure to stop for a blue light resulting in death.  [App. 125–28, 1–38.]  In South Carolina, "[r]eckless homicide requires proof that the defendant (1) operated an automobile (2) in reckless disregard for the safety of others; (3) the defendant's conduct proximately caused injury to the victim, and (4) within one year, the victim died as a result of these injuries."[10]  *State v. Watson*, 563 S.E.2d 336, 338 (S.C. 2002).  South Carolina Code section 56-5-750, failure to stop motor vehicle when signaled by law-enforcement vehicle, provides, "In the absence of mitigating circumstances, it is unlawful for a motor vehicle driver, while driving on a road, street, or highway of the State, to fail to stop when signaled by a law enforcement vehicle by means of a siren or flashing light."  The sentence and felony status of this offense differs depending on whether no great bodily injury or death resulted from the violation, great bodily injury resulted from the violation, or death resulted from the violation.  S.C. Code Ann. § 56-5-750(B)–(C).  Thus, each crime to which Petitioner pled guilty has a unique element of proof required to secure a conviction, and Petitioner has failed to establish that the PCR court's decision with respect to plea counsel's failure to object to the sentence based on double jeopardy was contrary to or an unreasonable application of

---

[10]The statute had been amended at the time Petitioner pled guilty to provide that the victim's death must occur within three years of the date of the injury.  S.C. Code Ann. § 56-5-2910.

applicable Supreme Court precedent, and Petitioner is not entitled to habeas corpus relief on this ground.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment and amended motion for summary judgment be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

July 13, 2015
Greenville, South Carolina