IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| James Curtis Cobbert, III, ) | |
| ) | C/A No. 9:14-3331-TMC |
| Petitioner, ) | |
| ) | |
| v.  ) | **OPINION & ORDER** |
| ) | |
| Warden Robert M. Stevenson, III, ) | |
| ) | |
| Respondent.  ) | |
| ) | |

Petitioner James Curtis Cobbert, III, a state inmate proceeding pro se, filed this petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.[1] Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Respondent's motion for summary judgment and amended motion for summary judgment (ECF Nos. 31 and 56) be granted and that the habeas petition be denied. (ECF No. 61). Petitioner timely filed objections. (ECF No. 66).[2]

The court is obligated to conduct a de novo review of every portion of the magistrate judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life &*

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, DSC, this matter was initially referred to a magistrate judge.

[2] The court notes that after the time to file objections had passed, Petitioner filed a supplement to his Objections. (ECF No. 71). Petitioner did not file a motion seeking leave to file such a supplement and the rules do not allow for any such supplement, and thus the supplement is not properly before the court. However, even if the court were to consider the supplement, Petitioner does address any specific portions of the Report and merely reiterates and elaborates upon his arguments set forth in his Objections. In short, the supplement would not cause this court to alter this decision.

*Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## I. Background/Procedural History

In May 2006, Petitioner was indicted for reckless homicide and failure to stop for a law enforcement vehicle blue light resulting in death. On October 16, 2008, Petitioner who was represented by Elizabeth Fullwood and Wallis Alves, waived presentment to the grand jury of an indictment for shoplifting and pled guilty to all three charges.[3] He was sentenced to ten (10) years imprisonment for the reckless homicide, twenty-five (25) years imprisonment for the failure to stop for a blue light resulting in death, and five (5) years for shoplifting, the 10-year and 25-five-year sentences to run consecutively and the 5-year sentence to run concurrently. Petitioner did not file a direct appeal.

On January 9, 2009, Petitioner filed an application for post-conviction relief ("PCR"), raising the following grounds for relief: double jeopardy; cruel and unusual punishment; and involuntary guilty plea. A hearing was held on November 29, 2011, at which Petitioner was represented by Ronald R. Hall. On January 23, 2012, the PCR court denied Petitioner PCR. Petitioner, represented by Appellate Defender Robert M. Pachak filed a petition for a writ of certiorari in the Supreme Court of South Carolina, raising one issue: whether plea counsel was ineffective for failing to file an appeal.

On September 26, 2012, at Petitioner's request, the Supreme Court of South Carolina relieved Pachak and allowed Petitioner to proceed pro se. The Court informed Petitioner that the petition filed by Pachak was being treated as withdrawn and that Petitioner had thirty days to submit a pro se petition for a writ of certiorari. On October 16, 2012, Petitioner filed a pro se

---

[3]As part of the plea negotiations, the State dismissed some related charges, including possession of a stolen motor vehicle, unlawful possession of a pistol, leaving the scene of an accident, and common law robbery.

petition for writ of certiorari, raising one issue: whether plea counsel was ineffective for failing to object to the failure to stop for blue lights result/death charge, after Petitioner already plead to reckless homicide. The court transferred Petitioner's PCR appeal to the South Carolina Court of Appeals, which denied the petition on June 24, 2014.

On August 13, 2014, Petitioner filed this habeas petition raising one ground for relief:

**Ground One:** Ineffective assistance of counsel

**Supporting Facts:** Under the *Blockburger* Test, State cannot prosecute for both offenses of reckless homicide and failure to stop for blue lights resulting in death; Double Jeopardy.

(ECF No. 1 at 3, 5; Pet. at 3, 5).

On February 27, 2015, Petitioner filed an Amended Petition clarifying his ground for relief, quoted verbatim:

**Ground One:** Ineffective assistance of counsel. Based on the double jeopardy clause, plea counsel was ineffective for allowing Petitioner to plea to an double jeopardy violation. Which violates Petitioner's 5th and 6th Amendment of the United States constitution.

**Supporting Facts:** Under the *Blockburger* Test, State cannot prosecute for both offenses of Reckless Homicide and Failure to stop for blue lights resulting in death, therefore resulting in double jeopardy.

(ECF No. 50, Am. Pet.).  Respondent filed a motion for summary judgement (ECF No. 31), and an amended motion for summary judgment (ECF No. 56) after Petitioner filed his Amended Petition.

## II. Discussion

The magistrate judge discussed the two offenses to which Petitioner pled - reckless homicide and failure to stop for a blue light resulting in death -  and concluded that each offense has a unique element of proof.  Therefore, the magistrate judge found that the PCR court's denial of PCR was neither contrary to, nor an unreasonable application of, Supreme Court precedent. (Report at 19).

3

In his objections, Petitioner sets out three separate objections. However, in his first two objections, Petitioner raises basically the same issue - that the PCR court impermissible relied on trial counsel's testimony that, in her opinion, there was not a double jeopardy violation rather than conducting his own *Blockburger* analysis. In his third objection, Petitioner contends that the offenses have the same elements under *Blockburger*. The court notes that Petitioner raises numerous other claims regarding trial counsel's representation. (Objections at 15-18). However, in his petition, he raises only that trial counsel was ineffective for allowing him to plead guilty to two offenses in violation of the double jeopardy clause, and therefore this is the only ground properly before the court. *See United States v. Humphreys*, 194 F.3d 1306, 1306 (4th Cir.1999) (rejecting the appellant's argument "that the district court abused its discretion when it refused to consider an ineffective assistance of counsel claim [the petitioner] raised for the first time in his objections to the magistrate judge's recommendation"); *Kelley v. Bollinger*, C/A No. 8:12-CV-03008-JMC, 2013 WL 4460155, at *2 (D.S.C. Aug.15, 2013) (declining to address a new ground upon which the petitioner sought habeas relief because the ground-an ineffective assistance claim-was raised for the first time in the petitioner's objections to the magistrate's report).[4]

As to Petitioner's objection that the PCR court impermissibly relied on trial counsel's opinion in finding no double jeopardy violation, the court finds this objection to be without merit. The PCR court did not rely on trial court's opinion. The PCR court set out trial counsel's opinion and then stated that he agreed with her - not because she opined there was no violation, but because he also found none. In his third objection, Petitioner contends that the elements of the two offenses to which he plead guilty are the same. The court disagrees.

The Double Jeopardy Clause of the Fifth Amendment, applicable to the States through the

---

[4]Moreover, the court notes that Petitioner raises these new claims for the first time here, and thus these issue have not been fairly presented in any of the state court proceedings below.

4

Fourteenth Amendment, provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V.  The Fifth Amendment guarantee against double jeopardy consists of three separate constitutional protections. "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 715 (1969) (footnotes omitted).  Only the third guarantee - prohibiting multiple punishments for the same offense - is implicated here.

It is well-established that "a single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." *Blockburger v. United States*, 284 U.S. 299, 304 (1932); *see also Untied States v. Shavers*, 820 F.2d 1375 (4th Cir. 1987). Applying the *Blockburger* test to a claim of double jeopardy involving multiple conspiracies, the Supreme Court concluded that conspiracy to import marijuana and conspiracy to distribute marijuana did not proscribe the same offense because each crime " 'require[d] proof of a fact [that] the other does not.' " *Albernaz v. United States*, 450 U.S. 333, 339 (1981) (*quoting Blockburger*, 284 U.S. at 304). Further, the Supreme Court has concluded that "cumulative punishments can presumptively be assessed after conviction for two offenses that are not the 'same' under Blockburger." *Missouri v. Hunter*, 459 U.S. 359, 367 (1983) (*citing American Tobacco Co. v. United States*, 328 U.S. 781 (1946)).

Here, Petitioner pled guilty to reckless homicide and failure to stop for a blue light resulting in death.  In South Carolina, "[w]hen the death of a person ensues within three years as a proximate result of injury received by the driving of a vehicle in reckless disregard of the safety of others, the person operating the vehicle is guilty of reckless homicide. . . ." S.C. Code Ann. § 56-5-2910(A).  Reckless homicide requires proof that the defendant (1) operated an automobile; (2) in reckless disregard for the safety of others; (3) the defendant's conduct proximately caused

5

injury to the victim; and (4) within three years, the victim died as a result of these injuries. *State v. Horton,* 598 S.E.2d 279 (S.C. 2004) (*citing State v. Watson*, 563 S.E.2d 336 (S.C. 2002).

The offense of failure to stop a motor vehicle when signaled by law enforcement vehicle is codified in S. C. Code Ann. § 56-5-750. This section provides

> (A) In the absence of mitigating circumstances, it is unlawful for a motor vehicle driver, while driving on a road, street, or highway of the State, to fail to stop when signaled by a law enforcement vehicle by means of a siren or flashing light. An attempt to increase the speed of a vehicle or in other manner avoid the pursuing law enforcement vehicle when signaled by a siren or flashing light is prima facie evidence of a violation of this section. Failure to see the flashing light or hear the siren does not excuse a failure to stop when the distance between the vehicles and other road conditions are such that it would be reasonable for a driver to hear or see the signals from the law enforcement vehicle.
>
> . . .
>
> (C) A person who violates the provisions of subsection (A) and when driving performs an act forbidden by law or neglects a duty imposed by law in the driving of the vehicle:
>
> (1) where great bodily injury resulted, is guilty of a felony and, upon conviction, must be imprisoned for not more than ten years; or
>
> (2) where death resulted, is guilty of a felony and, upon conviction, must be imprisoned for not more than twenty-five years.

S.C. Code Ann. § 56-5-750.

Failure to stop for a blue light resulting in death requires proof of the following elements: (1) that the defendant was driving a motor vehicle; (2) that he was driving it on a road, street, or highway of the State; (3) that he was signaled to stop by a law enforcement vehicle by means of a siren or flashing light; and (4) that he did not stop. *See United States v. James*, 337 F.3d 387 (4th Cir. 2003) (citing *State v. Hoffman*, 186 S.E.2d 421 (S.C. 1972). Petitioner argues that a person cannot commit the offense of failure to stop for a blue light without operating his vehicle in a reckless manner. (Objections at 20). Further, he argues that to act recklessly, one must be aware of his conduct and consciously disregard a risk. *Id.* However, the failure to stop for a blue light

6

statute is a strict liability statute and it "explicitly criminalizes a broad swath of unintentional conduct." *United States v. Rivers*, 595 F.3d 558, 565 (4th Cir. 2010). And as Petitioner recognizes, reckless homicide requires a conscious disregard of a risk. As the magistrate judge found, these two offenses are distinct and clearly require the establishment of different elements.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the court finds Petitioner's objections are without merit. Accordingly, Respondent's Summary Judgment Motions (ECF Nos. 31 and 56) are **GRANTED**; and the Petition is **DISMISSED with prejudice**.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
September 2, 2015